# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Charnogursky, Appellant, *v.* Price-Pancoast Coal Company.

*Pleading—Statement of claim—Trespass—Negligence—Defective averments—Demurrer.*

1. In a suit in trespass, especially where the charge is negligence arising out of alleged acts of omission, the grounds of complaint must be stated concisely and distinctly in the declaration, so that the issues may be formed by a simple plea of "not guilty"; to do this, facts must be averred sufficient to show that a duty required by law has been breached, or neglected, by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of. The declaration must give the defendant clear and exact information of the charges against him, and, although it need not anticipate defenses or aver mere underlying evidential facts, yet, the ultimate facts relied upon to show negligence must appear in unequivocal language, and these facts must be such as, standing alone, if not controverted, would entitle the plaintiff to a verdict in his favor.

2. Where in an action to recover damages for the death of plaintiffs' son, who was killed in a mine fire, the statement of claim was apparently drawn upon the theory that defendant employer was an insurer of the safety of his employees and where no facts were alleged showing, or justifying an inference, that defendants' lack of due care in any of the several instances set forth in the statement actually caused the particular injury complained of, the statement was defective in substance and a demurrer thereto was properly sustained.

Argued Feb. 22, 1915. Appeal, No. 185, Jan. T., 1914, by plaintiffs, from judgment of C. P. Lackawanna

Co., May T., 1912, No. 303, for defendant on demurrer to plaintiffs' statement of claim, in case of Albert Charnogursky and Maggie Charnogursky v. Price-Pancoast Coal Company.   Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiffs' son.   Before Newcomb, J.

The opinion of the Supreme Court states the facts.

The defendant demurred to plaintiffs' statement of claim.   The court sustained the demurrer and entered judgment for defendant.   Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*C. B. Price,* with him *H. S. Kennedy,* for appellant.

*R. H. Harris* and *Everett Warren,* with them *John P. Kelly,* for appellee.

Opinion by Mr. Justice Moschzisker, March 29, 1915:

John Charnogursky, the appellants' son, was killed in a mine fire which occurred at the defendant's colliery, April 7, 1911.   The plaintiffs sued, their declaration was demurred to, and the court below entered final judgment for the defendant; hence this appeal.

The Act of May 25, 1887, P. L. 271 (Sec. 3) provides that a declaration "shall consist of a concise statement of the plaintiff's demand, as provided by the fifth section of the Act of March 21, 1806, 4 Sm. L. 326; and this has been construed to mean that, while a plaintiff need not disclose his case with the same precision of averment required in an old-style narr, yet, he must exhibit a complete cause of action, and this in comprehensive and brief terms.   When the suit is in trespass, especially when the charge is negligence arising out of alleged acts of omission, the grounds of complaint must be stated

concisely and distinctly, so that the issues may be formed by a simple plea of "not guilty"; to do this, facts must be averred sufficient to show that a duty required by law has been breached, or neglected, by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of. The declaration must give the defendant clear and exact information of the charges against him, and, although it need not anticipate defenses or aver mere underlying evidential facts, yet, the ultimate facts relied upon to show negligence must appear in unequivocal language, and these facts must be such as, standing alone, if not controverted, would entitle the plaintiff to a verdict in his favor. The plaintiff is not obliged to confine himself to a single complaint of negligence, but, if he attempts to lay more than one distinct ground, he must, in each instance, aver facts sufficient to entitle him to judgment, if proved and not overcome by a lawful defense; therefore, when many separate grounds of complaint are laid in a declaration, each must be examined with like care, and a multitude of charges, none of which avers facts sufficient to make a case against the defendant, is no stronger than one insufficient averment would be. In fact, when a great number of separate, general charges of negligence is contained in a declaration, it lays the pleading open to a suspicion that the plaintiff has no knowledge of any real breach of duty on the part of the defendant, and such a declaration calls for close scrutiny.

All the allegations of negligence at bar are charges of failures to perform duties alleged to be due by the defendant to its employees, and the court below states, in its opinion entering judgment for the defendant, that, upon an inspection of the declaration, it fails to find a sufficient averment of any particular act or acts of omission to perform a duty required by law which, either singly or concurrently, can, within the established law upon the subject, be properly accounted the proxi-

mate cause of the injury complained of, adding, "It is equally impossible to tell whether the liability, in the minds of plaintiffs, is of statutory or common law origin; whether founded on defects inherent in the plan, construction or equipment of the colliery, or those arising from wear and tear, or, finally, whether the case intended is one of improper supervision, and, if so, whether the deficiency in that respect lay in the number, fitness or inattention of the servants in charge, or in all three— while in no event is the identity of such servants made to appear."

All that is said by the court below concerning the plaintiffs' statement of claim is true. The declaration covers five printed pages, and no general useful purpose would be served by reviewing its averments in detail; it is sufficient to say that the only thing which this pleading plainly indicates is the fact that the pleader had no clear conception as to what breach of duty by the defendant, if any, caused the death of the plaintiffs' boy. He charges many acts of negligence, which, to his mind, might have contributed to that lamentable result, but, in so doing, he seems to proceed upon the theory that the law requires the defendant to give his employees an absolutely safe place in which to work, and immediately to warn them of any impending danger—overlooking the fact that the requirement is reasonable safety to be secured by "reasonable care under the circumstances," and ignoring the rule that customary usages of the business and ordinary appliances are the standards, an employer not being an insurer of the absolute safety of his employees, or required to follow the latest methods for their benefit or furnish them the best possible appliances. Further, the pleader seems to have lost sight of the rule that an employer is not liable under any and all circumstances for the incompetency of an employee, but only when the fact of such incompetence is actually or constructively known to him; again, the pleader seems to have forgotten entirely the fact that our mining

act particularly defines many standards of safety, and places the underground workings in charge of a certified foreman for whose negligence, generally speaking, the mine owner is not responsible. Lastly, it is apparent the principle that the law presumes due care according to the legal and other requirements of each occasion, was not taken into account in drawing the averments of the present declaration, and hence, the pleader fails to make a connected whole of any one of his attempted charges sufficient to show a case of negligence, within the law, against the defendant, and he seems not to have appreciated at all the necessity for averring facts showing, or justifying an inference, that the lack of due care charged in any one of the several instances laid in the declaration actually caused the particular injury complained of.

After reading the declaration several times, and considering the arguments of counsel, together with the numerous authorities cited, we concur in the conclusion that, when the law governing cases of this character is taken into account, the statement of the plaintiffs' claim is fatally defective in substance; and, since they declined to amend their declaration when offered an opportunity by the court below so to do, counsel stating that they "preferred to stand or fall by the statement as it is," no error was committed in entering final judgment for the defendant.

The assignment of error is overruled and the judgment is affirmed.