## PHILADELPHIA STORAGE BATTERY CO. v. AIR REDUCTION SALES CO.

(District Court, E. D. Pennsylvania.   July 1, 1921.)

No. 8164.

1. **Negligence ⬥⟷111(1)—Pleading held not sufficiently definite.**

The statement of claim in an action for loss by fire alleged to have been caused by negligence of defendant in the designing, construction, and materials used in making an article furnished by defendant for use in plaintiff's factory *held* insufficient in not setting out in what particulars the design, construction, and materials were improper or unsafe.

2. **Damages ⬥⟷153—Claim for damages to different articles of property must be itemized.**

In the statement of claim in an action for damage by fire to plaintiff's factory buildings, machinery, appliances, stock, and materials, it is not sufficient to allege generally the amount of the damage, but the claim must be itemized sufficiently to enable the defendant to contest any particular item.

At Law. Action by the Philadelphia Storage Battery Company against the Air Reduction Sales Company. On motion to strike off statement and for more specific statement. Motion granted.

Hepburn, Dechert & Norris, of Philadelphia, Pa., for plaintiff.

Isaac A. Pennypacker, of Philadelphia, Pa., for defendant.

⬥⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMPSON, District Judge. The plaintiff sues to recover damages in the sum of $400,000, alleged to have been suffered through—

"a conflagration in which were burnt, consumed, destroyed, or damaged a large part of plaintiff's buildings, with the machinery, tools, fitting, and appliances, and stock, raw material, and material manufactured and in course of manufacture, contained in and about the same."

[1] The conflagration is alleged to have resulted from the fact that a manifold furnished to the plaintiff by the defendant for use as an appliance for connecting cylinders of oxygen gas, furnished by the defendant to the plaintiff, with the system of pipes in the plaintiff's factory for the distribution and conveyance of the gas therein, burst or burned through. The negligence alleged is that the defendant did—

"negligently and carelessly, and with a total disregard of the safety of plaintiff's employees and property, furnish and install a manifold of highly unsafe and dangerous design and construction, and scientifically disapproved, improper and dangerous material, for the purpose for which it was intended," and that "upon or about the 24th day of March, 1920, the said manifold, as a result solely of its said improper and defective material and construction, burst or burned through, creating and releasing flame and sparks of great force and intense heat, which were immediately communicated to plaintiff's adjacent building, resulting in a conflagration," etc.

The plaintiff, in defense of the sufficiency of the statement of claim, relies upon the allegations in the answer to the rule that the facts relative to the design and construction of the manifold lie wholly within the knowledge of the defendant; that the manifold was manufactured for it, under its direction, and in accordance with plans and specifications furnished by it; that the defendant installed it at the plaintiff's factory, and after the fire took possession of it and removed it from the plaintiff's factory.

The fact that the defendant has complete knowledge concerning the design and construction of the manifold is not sufficient to relieve the plaintiff of its duty to set out the particulars in which, it is charged, the manifold was negligently designed and constructed, unless the plaintiff is ignorant of the facts upon which it bases its charge of negligence. The object of all pleading is to advise the adversary party of what is relied upon to sustain or defeat the suit.

The Pennsylvania Practice Act of May 14, 1915 (P. L. 483 [Pa. St. 1920, §§ 17181-17204]) requires every pleading to contain a statement in concise and summary form of the material facts upon which the party pleading relies for his claim, but not the evidence by which they are to be proved. The practice prescribed in section 21 of the act, substitutes a motion to strike from the record a pleading which does not conform to the provisions of the act, for the rule for a more specific statement under the former practice. These methods of practice were apparently intended to supersede a rule for a bill of particulars; but there is no indication in the act of 1915 that the statement of claim is not to contain in specific terms sufficient to inform the defendant upon what facts the plaintiff relies to sustain its suit.

While the defendant is, no doubt, entirely familiar with the design, the construction, and the material embodied in the manifold,

the plaintiff, in order to sustain its suit, must have within its knowledge facts from which it can state in what respect it claims the manifold was of unsafe and dangerous design and construction, in what respect it has been scientifically disapproved, and what material entering into its construction is improper and dangerous for the purpose for which it was intended. Without this information in the pleading, the defendant would be entirely in the dark as to the theory upon which the plaintiff's suit is based, and is entitled to have such particulars set out. The plaintiff is not thereby compelled to disclose its evidence, nor to anticipate matters of defense.

[2] The defendant further complains that the plaintiff has failed to itemize the damages claimed in the sum of $400,000. In an action for personal injuries or for trespass upon real estate in which special damages are claimed, it is usually manifestly impossible to itemize the damages as applied to each particular injury alleged. But the present suit is for loss through destruction by fire of certain things, viz.:

"A large part of plaintiff's buildings with machinery, tools, fittings, and appliances, and stock, raw material, and material manufactured and in course of manufacture, contained in and about the same."

In order that the defendant may meet the demand for damages at the trial, it is entitled to have the details as to the character and extent of the property destroyed by the alleged negligence of the defendant fully set out and itemized. Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1, 94 Atl. 451; Niden v. Wolfenden, 12 Pa. Co. Ct. R. 398; Childs v. Railroad, 27 Wkly. Notes Cas. 510; Costello v. Bailey, 12 Pa. Co. Ct. R. 422; Anderson v. Haig, 12 Pa. Co. Ct. R. 450; Krauskopf v. Stern, 19 Phila. 328; Carr v. Heacock, 12 Wkly. Notes Cas. 305.

These are matters not only within the knowledge of the plaintiff, but of which the defendant must be assumed to be in entire ignorance. It will not prejudice the plaintiff to require it to furnish a more specific statement, both as to its cause of action and its claim for damages in accordance with this opinion.

Rule absolute.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes