## Grumley v. Pellegrino.

*Practice, C. P.—Pleading—Statement of claim in trespass—Inferences and conclusions of law—Description of injuries—Striking off statement—Act of May 14, 1915, P. L. 483.*

1. The statement in an action of trespass for negligence must set forth defendant's acts on which negligence is predicated with precision and particularity. Mere general averments are not sufficient.

2. The injuries alleged to have been sustained must also be set forth with like particularity and precision.

Rule to strike off statement. C. P. Elk Co., April T., 1923, No. 20.

*W. W. Barbour*, for rule.

*Miller & Hartswick, Whitmore & Trambley* and *Thompson & Straub*, contra.

BAIRD, P. J., Aug. 21, 1923.—The plaintiff, in the first, second, third and fourth paragraphs of his statement of claim, makes the following averments:

"First. The defendant, Michael A. Pellegrino, at the time of the happening of the matters hereinafter set forth and complained of, to wit, on Aug. 24, 1922, was the owner of a Jordan six-cylinder, seven-passenger touring car or automobile of the model of 1922.

"Second. That on Aug. 24, 1922, the said automobile was proceeding on the public highway near Kendallville, in the State of Indiana, and then and there was under the control and management of, and was being operated and driven by, the defendant, and it thus became the duty of the defendant to use due and proper care in and about the operation, management and control and driving of the said automobile.

"Third. Yet the said defendant, totally disregarding the duties above set forth, did not use proper care and caution, but, on the contrary, on Aug. 24, 1922, while the above-named plaintiff was a passenger in the said automobile of the defendant, which was then and there being driven by the defendant himself along and upon the public highway near Kendallville, in the State of Indiana, the said automobile was operated and driven by the defendant in a reckless, careless and negligent manner, and driven at a high and reckless rate of speed, and, as a result of which, the said automobile skidded and left the said public highway and ran into and struck against a telegraph pole standing along and near by the said public highway; and the said plaintiff, by reason of the aforesaid carelessness and negligence of the defendant, and the striking and running into said telegraph pole, was thrown from the said automobile and sustained serious and permanent injuries, to wit, the total loss of his right eye, injury to both of his legs, serious internal injuries, contusions and lacerations of the body, and serious and permanent injury to his nervous system, and also other and various injuries to different parts of his body.

"Fourth. The plaintiff further avers that he was seated in the aforesaid automobile, which was owned and operated by the defendant, and that he in

Grumley v. Pellegrino.

no way contributed to the accident; that the accident resulted by reason of the carelessness and negligence of the defendant in the management and operation of said automobile by the defendant."

The defendant moved to strike the statement from the record for the following reasons:

"1. Plaintiff alleges in the third paragraph of said statement, as a conclusion of law, that the automobile was operated and driven by defendant in a reckless, careless and negligent manner, without anywhere stating in what respect said operation and driving were reckless, careless and negligent.

"2. Plaintiff does not in said statement sufficiently set forth the injuries alleged to have been suffered and for which he seeks to recover damages."

Thereupon a rule to show cause was granted.

We are of opinion that these objections are well founded.

Section 5 of the Practice Act of May 14, 1915, P. L. 483, requires that every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved, or inferences or conclusions of law.

This act has not made any change in the principles of pleading. As has been said of the Procedure Act of May 25, 1887, P. L. 271, so it may be said of the Practice Act of 1915: "As to all matters of substance, completeness, accuracy and precision are as necessary now to a statement as they were before to a declaration in the settled and time-honored forms:" Fritz v. Hathaway, 135 Pa. 274 (280) ; Murphy v. Taylor, 173 Pa. 317.

The plaintiff must set forth concisely the plaintiff's claim with sufficient particularity to enable the defendant to plead understandingly and with full knowledge of every claim that can be made or question that can be raised under it at the trial: Park v. Standard Spinning Co., 135 Fed. Repr. 860.

The Act of 1887, while abolishing certain distinctions in actions, makes no change as to the particularity with which matters of substance, indispensable to an intelligent and just judgment between the parties, must be set out: Busch v. Calhoun, 14 Pa. Superior Ct. 578. Under the Procedure Act of 1887, all matters of substance essential to a good cause of action must be set out with clearness and precision: Young v. Geiske, 209 Pa. 515 (519). A statement in trespass must set forth the facts relied upon with clearness and precision: Klein v. Scranton Railway Co., 4 Lacka. Jurist, 325. In trespass, especially, the ground of complaint should be stated so distinctly that the real issue may be formed by the plea of not guilty, since this is the only plea permitted: Clark v. Lindsay, 7 Pa. Superior Ct. 43. "The statement in an action for negligence must set forth with particularity the defendant's acts on which the negligence is predicated, and the cause and nature of the injury; mere general averments of negligence are not sufficient:" 16 P. & L. Dig. of Dec. 27,222; Rife v. Middletown, 32 Pa. Superior Ct. 68 (73).

So far as the charge of negligence is concerned, the statement in the instant case offends against the rules above laid down requiring precision and particularity. If the phrase "driven at a high and reckless rate of speed" is intended to specify the particular in which the car is alleged to have been "operated and driven by the defendant in a reckless, careless and negligent manner," and it clearly so appeared, we should be disposed to think the statement sufficient in this respect, but connected, as this phrase is, by the conjunction "and" with the preceding allegation of reckless, careless and negligent driving in general terms, we interpret it as an averment of a distinct and separate act of negligence. That the defendant operated and drove his

4 D. & C.

Grumley *v.* Pellegrino.

car "in a reckless, careless and negligent manner" is clearly an inference from undisclosed facts, and is not a statement of the material facts upon which the plaintiff relies. For the purpose of enabling the defendant to prepare his defence, he is entitled to a concise statement of each fact relied upon by the plaintiff for his claim. In what respects, if any, other than at a high and reckless rate of speed, did the defendant drive his care recklessly, carelessly and negligently? These are the material facts upon which the plaintiff relies for his claim of negligence and which should be contained in his statement. Such a statement would not violate that provision of the Practice Act which precludes the inclusion in the statement of the evidence by which the facts are to be proved. A fact is "a thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurrence:" Black's Dictionary, 475. Evidence is "any species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, . . . etc., for the purpose of inducing belief in the minds of the court or jury" as to their contention: Black's Dictionary, 446. "The word 'evidence,' in legal acceptation, includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved:" 1 Greenleaf on Evidence, ch. 1, § 1. It would be too late at the trial for the defendant to object to the generality of the plaintiff's statement. Such a broad allegation of negligence as we have here would admit of proof of almost any dereliction on the part of the defendant in the operation and management of his car, and is objectionable for that reason. Except as to the rate of speed at which the car was driven, it does not appear whether the negligence complained of consisted of acts of commission or omission. In a suit in trespass, especially where the charge is negligence arising out of alleged acts of omission, the grounds of complaint must be stated concisely and distinctly in the declaration, so that the issues may be formed by a single plea of "not guilty" (under the Act of 1887). To do this, facts must be averred sufficient to show that a duty required by law has been breached or neglected by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of. The declaration must give the defendant clear and exact information of the charges against him, and, although it need not anticipate defences or aver mere underlying evidential facts, yet the ultimate facts relied upon to show negligence must appear in unequivocal language, and these facts must be such as, standing alone, if not controverted, would entitle the plaintiff to a verdict in his favor: Charnogursky *v.* Price-Pancoast Coal Co., 249 Pa. 1. "The plaintiff is not obliged to confine himself to a single complaint of negligence, but if he attempts to lay more than one distinct ground, he must, in each instance, aver facts sufficient to entitle him to judgment, if proved and not overcome by a lawful defence:" Charnogursky *v.* Price-Pancoast Coal Co., 249 Pa. 3.

The current of judicial opinion under the Practice Act of 1915 all runs the same way: Fuller *v.* Stewart Coal Co., 27 Dist. R. 512; Lutz *v.* Wright, 28 Dist. R. 32; Deitz *v.* American Agricultural Chemical Co., 29 Dist. R 691; Welsh *v.* Marietta Hollow Ware, &c., Co., 30 Dist. R. 970; Welsh *v.* Marietta Hollow Ware, &c., Co., No. 2, 30 Dist. R. 1036; Hippy *v.* Traction Co., 2 D. & C. 246.

The sufficiency of a statement charging negligence in general terms was questioned in King *v.* Brillhart, 271 Pa. 301, but not decided because not raised at the proper time and in the proper manner. In that case plaintiff's statement averred in general terms that the direct, immediate and sole cause

of the accident was the defendant's careless and negligent operation of the car; also averred that it was being run at an excessive and dangerous rate of speed. To this statement the defendant filed an affidavit of defence, denying the charge of negligence and setting up plaintiff's contributory negligence as the cause of the accident. The trial court granted a compulsory non-suit, and from its order refusing to take off the same plaintiff took an appeal. Mr. Justice Walling, in the opinion of the Supreme Court, said: "The statement charges negligent management of the car, and that is what the evidence tends to establish. True, the former may not be a statement in a concise and summary form of the material facts upon which the plaintiff relies, as contemplated by section 5 of the Practice Act of May 14, 1915, P. L. 483, but, if not, it was waived by defendant's affidavit to, and going to trial upon, the merits. Section 21 of the Practice Act of May 14, 1915, P. L. 483, 487, provides: 'The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct.' Thereunder a defendant may move to strike off an insufficient statement, or, if it is too indefinite, may obtain a rule for one more specific. Failing to do either, he will not be entitled to a compulsory non-suit because of the general character of plaintiff's statement. The rule entitling a defendant to ask for a bill of particulars has become obsolete under the Practice Act, for every statement of plaintiff's claim, drawn in compliance therewith, embodies a bill of particulars. If not so drawn, the remedy is as above stated."

The same considerations require us to hold that some of the injuries alleged to have been sustained by the plaintiff are not set forth with sufficient particularity and precision. The averment that the plaintiff sustained the total loss of his right eye is, of course, sufficient, and we are not prepared to say that the allegation of serious and permanent injury to his nervous system is not of like character, but the nature of the injury to his legs, the internal injuries suffered by him and the place and character of the contusions and lacerations of the body, and the "other and various injuries to different parts of his body," should be specified. Under the Procedure Act of May 25, 1887, P. L. 271, the plaintiff's statement of claim in an action of trespass for damages for personal injuries must state specifically the character of the wounds, injuries, sickness and disorder for which compensation is claimed: Rogers v. Philadelphia Rapid Transit Co., 22 Dist. R. 41. The practice in suits for personal injuries of preparing statements of claim alleging damages in general terms and, in lieu of pleading, of submitting the body of the plaintiff to examination of medical men employed by the defendant, who may be called as witnesses, frequently places the defendant at a serious disadvantage when compensation is demanded for latent injuries, of which no symptoms were apparent, and the first intimation of their existence is disclosed by testimony at the trial in support of the general charges at a time when the defendant is totally unprepared to rebut them: Rogers v. Philadelphia Rapid Transit Co., 22 Dist. R. 41. In Dietz v. American Agricultural Chemical Co., 29 Dist. R. 691, a paragraph of the plaintiff's statement alleging that the car of the plaintiff was injured in its body, windshield, radiator, headlights, bumper, tires, wheels, top, axles, and otherwise greatly damaged and hurt, was held to be objectionable because too general in terms.

Now, Aug. 21, 1923, the rule to show cause heretofore granted is made absolute, with leave to the plaintiff to file a new or amended statement of claim in conformity with the foregoing opinion.

From W. E. Shaffer, Lock Haven, Pa.