## Grove v. Gardner

*Mark E. Garber*, for plaintiff.
*Faller & Faller*, for defendant.

SHUGHART, P. J., May 1, 1948.—Plaintiff instituted an action in trespass by filing a complaint. Defendant has filed preliminary objections as provided by Rule 1028 of the Rules of Civil Procedure.

In his complaint, plaintiff avers defendant's residence as Gardners, Cumberland County. The sheriff's return shows that the Sheriff of Cumberland County deputized the Sheriff of Adams County, who made service upon defendant "at his residence, Tyrone Township, Adams County, Pa.". As his first objection, defendant attacks the statement of address in the complaint as being inconsistent with the facts, and argues that if the complaint is correct the court is without jurisdiction, and if the return is correct then the complaint must be amended.

Rule 1043 of Rules of Civil Procedure provides that where an action is commenced against an individual in the county where the action arose, plaintiff shall have the right of service in any other county by having the sheriff of the county where action arose deputize the sheriff of the county where service may be had. The complaint states that the cause of action arose in Cumberland County: therefore the service in the instant case was proper and this court has jurisdiction.

It has been held under the Practice Act of May 14, 1915, P. L. 483, that failure to allege addresses of parties in a statement of claim is immaterial: Kieser v. Shenk, 7 D. & C. 652. Rule 1019 of Rules of Civil Procedure does not require such an allegation. Since, therefore, no allegation of defendant's address was necessary, the fact it was incorrect is of no consequence.

From the complaint it appears that plaintiff was traveling in a southerly direction on a highway, known locally as Spring Road, on January 15, 1947, at or about 6:45 o'clock a.m. Defendant was traveling in a northerly direction on the same road. When the cars

were approximately 25 feet apart (traveling in opposite directions) plaintiff avers that defendant suddenly turned his vehicle to the left and drove the same across the center line of the highway into collision with plaintiff's car. At the point of the accident, there was a gate to the left side of the highway (the west side) traveling north, which gate leads into the plant of C. H. Maslands & Sons. Plaintiff avers further that defendant gave "no notice signal or warning of any kind" before turning his car from the northbound into the southbound lane and that the point of impact was approximately four feet westerly from the center line of the highway. As to operation of his own car, plaintiff states that he was operating his automobile on the right side of the highway "and in a lawful and prudent manner".

Defendant alleges that the complaint is not sufficiently specific because:

1. It fails to set forth the speed at which plaintiff was traveling at a point 25 feet from the point of collision.

2. That plaintiff fails to set forth what efforts, if any, he made to avoid the collision.

3. That plaintiff fails to aver what portion of his vehicle was struck by the vehicle of defendant.

4. That plaintiff fails to aver facts from which the conclusions could be drawn that the alleged negligence of defendant was the proximate cause of the accident.

The courts have held that in negligence cases the ultimate facts relied upon to show negligence must appear and these facts alleged must be such that standing alone, uncontroverted, they would entitle plaintiff to a verdict: Fisher v. Metropolitan-Edison Co., 31 Dauph. 331. Plaintiff need not plead evidential facts: Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1. Plaintiff alleged in the instant case that he was operating his vehicle in a lawful and prudent manner, his exact speed is a matter of evidence and under the ruling above need not be pleaded.

To require plaintiff to specifically aver the portion of his car which was struck would also force plaintiff to plead evidence. From other facts alleged, for example the statement of portions of defendant's car damaged in paragraph 14, the portion of the car struck can be inferred. There is therefore no merit in defendant's third reason as set forth above.

To require plaintiff to aver what efforts he made to avoid the collision would require plaintiff to plead facts to show he is not guilty of contributory negligence. This the law does not require. The burden of showing contributory negligence is upon defendant. The case of Davis v. Edmondson, 261 Pa. 199, cited by defendant, specifically holds that a plaintiff is not required to disprove contributory negligence, but only to make out a case clear of contributory negligence. It is sufficient that the complaint shows such facts as warrant the inference of defendant's negligence.

In a trespass case plaintiff must aver facts sufficient to show that a duty required by law has been breached or neglected by defendant and show a causal connection between this breach or neglect and the injury complained of: Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1. In his complaint plaintiff avers that defendant crossed the center line of the highway into plaintiff's lane of traffic without giving any signal, that the accident occurred four feet within plaintiff's lane of traffic, and that damage resulted to him therefrom. He avers as to his own actions that he was proceeding on his right side of the highway in a lawful and prudent manner. From these facts it is clear that he averred sufficient to warrant the inference of defendant's negligence as the proximate cause of the injury and that is all that is required: Lutz v. Wright, 28 Dist. R. 32. The fourth reason set forth for requiring a more specific statement cannot be sustained.

And now, May 1, 1948, defendant's preliminary objections are dismissed and he is given 20 days to file an answer to the merits.