## Driefer v. Hershey Estates, Inc.

*Richard Curry*, for plaintiff.

*George Hafer* and *Arthur Hull*, for defendant.

BRAHAM, P. J. (fifty-third judicial district, specially presiding), April 16, 1951.—Plaintiff's complaint in trespass alleges that he suffered a fall in a bathtub at the Hotel Hershey while he was a guest

there. He demands damages for personal injury, claiming that the bathtub was defective. Defendant's preliminary objections consist of a motion for a more specific complaint, a remedy specifically provided for by Rule of Civil Procedure 1017(*b*)3. Attack is made on the averments regarding negligence and also those on the subject of damages.

The averments as to defendant's negligence are found in the seventh paragraph of the complaint, where there are seven subheads. Some of these allegations are obviously mere conclusions of law and of no value. Of this character are the statements that defendant failed to furnish plaintiff proper and safe facilities in the bathroom and a proper place to take a bath. Such general averments of negligence are to be avoided. The theory of pleading in Pennsylvania is that the essential facts will be pleaded, thereby rendering unnecessary prolonged and expensive depositions. As a necessary corollary the failure to plead specific facts may, as was said in Philadelphia Rapid Transit Co. v. King, 110 Pa. Superior Ct. 475, 477, result seriously to the pleader.

This leads to a consideration of specifications C, D, E and F of paragraph 7 of the complaint. Paragraph 7(C) charges that defendant "maintained an unsafe condition due to the slant and slope of the tub." What does this mean? All bathtubs "slant" and all "slope". Such an allegation is without value. If plaintiff expects to rely on the maintenance of a defective tub he must specify precisely in what particulars the tub did not conform to the normal tub.

In 7(D) plaintiff declares that defendant "maintained an unsafe condition due to the unusual and slippery condition at the bottom of the tub." Again, why was it unusual? All bathtubs are slippery when wet and all involve some element of danger. How did the bottom of the bathtub fail to conform to the normal?

Clarity and precision in pleading plaintiff's case are not aided by making a multitude of separate general charges. They create doubt whether plaintiff really relies upon known defects or whether he is splitting up a situation essentially simple, commonplace and safe into fragments, hoping by adding general charges of negligence concerning each fragment to make the parts greater than the whole: Charnogursky v. Price-Pancoast Coal Company, 249 Pa. 1, 3. Paragraph 7 must aver specifically what was wrong: Philadelphia Storage Battery Co. v. Air Reduction Sales Co., 274 Fed. 216.

Paragraphs 7(E) and (F) rest upon a different basis. They declare that defendant furnished no handles and no mat for the tub and gave no notice that a man might fall in the bathtub. Whether defendant was obliged to furnish these articles and provide this service cannot be determined on a motion for a more specific complaint. Whether plaintiff relies as a fact upon any positive requirement of the law that the articles and service be furnished, or upon general custom, should be declared: Pfahler v. Pennsylvania Power & Light Co., 48 Lanc. 179.

The allegation of paragraph 7(G) that the bathroom was under the exclusive control, maintenance, and operation of defendant may stand. What weight the exclusive control a hotel has over its bathroom may have as a factor of negligence must be decided later.

As to injuries, plaintiff declares in the fifth paragraph of the complaint that he suffered: "A, serious and permanent injuries to his nervous system; B, severe contusions and abrasions in and about his head, body and limbs; C, severe strain and sprain of his back; D, severe and permanent physical and mental pain and anguish; E, other serious and painful injuries."

In deciding whether these allegations are sufficient two principles must be kept in mind. First, these general allegations would allow proof of almost any kind of physical injury. Therefore if defendant desires to restrict the proof at trial so as to exclude some serious injury not specifically mentioned in the complaint he must move for more specific complaint: Twinn v. Noble, 270 Pa. 500, 502.; Lynch et al. v. Bornot, Inc., 120 Pa. Superior Ct. 242. The second principle is a corollary to the first; if plaintiff being ordered to make more specific the general statements in his complaint as to injuries omits to mention some definite and positive injury or infirmity, he will not be permitted at trial, over objection, to produce evidence as to the specific injury.

More specific complaints have often been required in like cases: Brehony v. Esrey, 60 Montg. 207, 208; Miller v. Howley et al., 42 Schuyl. 50; Isaac v. Sargent, 40 York 186; Williamson et ux. v. Carey et al., 37 D. & C. 653. The decision is one for plaintiff to make; he withholds allegation as to an important and specific injury at his peril.

Here an observation of a general character may be made. It would be better in general if the pleader declared upon his cause of action in a more vivid way. For example, a reader of plaintiff's complaint is left uncertain whether the bathroom in which he fell contained a bathtub and a shower, or only a shower, or both. It is uncertain whether plaintiff was undertaking to sit down in a tub when he fell, whether he was getting out of a tub, or whether he was taking a shower bath. It is not clear where he fell or how and upon what part of his body the severe contusions and abrasions were inflicted. It is not clear what treatment he had for his injuries. All these factors should be kept in mind when plaintiff files the more specific complaint which is required by the following:

*Order*

Now, April 16, 1951, plaintiff's complaint is stricken off unless within 20 days plaintiff files a more specific complaint, setting out with greater particularity the nature of the negligence complained of and the injuries suffered.