**Flatley v. Upper Darby Township**

*Ernest T. Kardas*, for plaintiffs.

*Edward F. Cantlin, William C. Beatty, Charles F. Knapp* and *Dale A. Betty*, for defendants.

REED, J., July 2, 1970.—Preliminary objections in the nature of a demurrer were filed by defendant, Philadelphia Electric Company, to plaintiffs' complaint raising as a basis for the preliminary objections the failure of the complaint to state a cause of action against defendant, Philadelphia Electric Company.

Paragraphs 12 to 23 of the complaint set forth the averments as to the happening of the incident at 2 a.m., September 16, 1967, when John F. Flatley was a pedestrian on Marshall Road, Upper Darby, at which time and place he was killed and Joseph Flatley was injured by a motor vehicle driven by defendant, Coffman. The complaint alleges that the roadway was under construction and that various dangerous conditions arising out of the construction existed, including "overhead lighting which was not operative,"* as to defendant, Philadelphia Electric Company.

So far as the overhead lighting, with which defendant, Philadelphia Electric Company, is concerned, the pertinent paragraphs of the complaint are:

"25. That said defendant [Tony DePaul and Sons, not Philadelphia Electric Company] had *reason to know*, or should have known through its agents that

---

*Paragraph 10 of complaint

conditions on the roadway were unsafe and presented a severe risk to any user of the highway.

"27. Plaintiff further avers that at all times material to this action, defendant, Philadelphia Electric Company was the utility charged with the control and maintenance of overhead lighting systems upon the roadway in the area where the occurrence hereinabove outlined took place.

"28. That the said lighting system was inoperative on the date and time of this occurrence."

The complaint clearly alleges the responsibility for maintenance and operation of the street lights in the area upon Philadelphia Electric Company, and states that at the time of the accident these lights were inoperative. We accept as true for purposes of defendant Philadelphia Electric Company's demurrer all well pleaded averments and draw all reasonable inferences therefrom favorable to the pleader, the plaintiffs: Papieves v. Kelly, 437 Pa. 373, 263 A. 2d 118 (1970).

Deceased plaintiff was struck by an auto, but plaintiffs do not tell us how the fact that the street lights were inoperative either caused or contributed to this unfortunate happening, nor, as a matter of fact, even meagerly allege that this caused or contributed to the accident.

Did it matter that the lights were lighted or not? We cannot even reasonably infer that it did. We can only guess that plaintiffs imply it did. Causation from the negligent act alleged must be pleaded: Charnogursky v. Price-Pancoast Coal Company, 249 Pa. 1, 94 Atl. 451 (1915).

It is difficult to imagine how the failure to have overhead street lights could cause a pedestrian to be struck by a car while crossing that street or road.

The existence or nonexistence of lights on a roadway at night is per se only a surrounding circumstance or condition to be considered in deciding negligence and contributory negligence between plaintiffs and defendant motorist, unless a causal connection is set forth by proper allegations.

We may decide, arguendo, that plaintiffs imply that Philadelphia Electric Company owed them a duty to have the street lights operative. If we also assume that this failure did create a situation leading plaintiffs into the accident, we come to another problem: from whence can we conclude it was Philadelphia Electric Company's fault the lights were inoperative? Did they know the lights were out, or should they have known by failure of inspection that they were inoperative? A utility cannot be held to a failure of its equipment, unless there is knowledge of the failure, or a failure to use a reasonable means to ascertain such a failure: Dooley v. Pennsylvania Railroad Co., 64 D. & C. 110 (1948); Doyle v. South Pittsburgh Water Company, 414 Pa. 199, 199 A. 2d 875 (1964). All of this pleading area remains untouched by plaintiffs' complaint.

So far as this complaint is concerned, plaintiffs have only alleged that one of defendant's street lights was inoperative at the time of the accident.

## ORDER

And now, July 2, 1970, the preliminary objections of defendant, Philadelphia Electric Company, are sustained and plaintiffs are given 20 days from the date of this order within which to file an amended complaint, in accordance with this opinion and if no such amended complaint is filed, the complaint is dismissed as to defendant, Philadelphia Electric Company.