## Miller, Appellant, v. Dillon et al.

Argued December 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*E. Spencer Miller,* for appellant.

*Carlos Berguido, Jr.,* and with him *Ira Jewell Wil-
liams* and *Francis Shunk Brown,* for appellees.

OPINION BY STADTFELD, J., March 3, 1933:

This is an appeal by plaintiff from the order of the court entering a judgment of non pros for failure to file an amended statement of claim.

The action was one in trespass originally begun in the court of common pleas of Philadelphia County, but subsequently, on motion of plaintiff, removed to the municipal court.

To the statement of claim filed by plaintiff, an affidavit of defense raising questions of law was filed. After argument this statutory demurrer was sustained unless an amended statement be filed within thirty days. An amended statement was filed within the prescribed period. To this defendant filed an affidavit of defense raising questions of law. After argument the court ordered the amended statement of claim stricken from the record, with leave to plaintiff to file a further amended statement of claim. Plaintiff refused to amend further and elected to stand on her amended statement, whereupon the court first entered judgment for defendant, but on the same day revoked this order and on motion of defendant's attorney entered judgment of non pros. From that judgment this appeal was taken.

The assignments of error relate (a) to the striking off of plaintiff's amended statement, (b) to the entering judgment of non pros, and (c) in not entering judgment that plaintiff's amended statement sets forth a lawful cause of action.

The amended statement of claim avers that "defendants had on deposit by plaintiff ...... by way of pledge to secure money to be used for the purchase of securities by one Walter J. Coppock, in the use of his discretion ...... " certain named securities, in connection with similar service by said Coppock to many other persons; that the administration of said general undertaking was denominated "Walco Securities Account," said Coppock was designated "manager" and

the rules of said Walco Securities Account regulating defendants were constituted "depositary." Copies of the participation of plaintiffs and others interested therein, and the authority of the manager, were attached to said amended statement. Appended to the copy of these rules is the written agreement, signed by plaintiff, to be bound by said rules in the following terms: "The undersigned applies for participation in Walco Securities Account, agrees to be governed, by the foregoing rules, and acknowledges receipt of copy of the same."

Under Rules 11 and 14, express authority is granted to the management (Walter J. Coppock) to hypothecate or pledge the deposited capital of participants, "on such terms, conditions and for collateral agreements as are customarily required" ...... "or as the management may see fit."

Under Rule 13, provision is made for the custody of capital pertaining to the account in the following words: "13 unless when employed as collateral under Rule 11, deposited capital and other capital assets pertaining to the account (whether securities or cash) will be in the custody of one or more depositaries, who will receive and deliver or disburse the same, upon the order of the management only, directly from or to participants and parties through or with whom business and operations of the account may be transacted." Under Rule 14, every participant authorizes the depositary to take any action consistent with the rules that the management may direct or authorize.

The amended statement avers that it was the duty of defendant to safeguard plaintiff's property so intrusted to it, and "if in the exigencies of the business any of plaintiff's securities should be threatened with sale, it was the duty of defendants to give her timely notice so that she might redeem them from sacrifice;" that all of plaintiff's securities set forth in the receipt attached to plaintiff's amended state-

ment were by defendants unlawfully sold "at prices much below their real value;" and that plaintiff suffered loss "in the difference between said aggregate realized ...... and the total prices at which she could have sold them."

The affidavit of defense raising questions of law, sets forth, inter alia, that the statement of claim failed to set forth a cause of action and was insufficient under the Practice Act of 1915.

The statement fails to disclose any contractual right on the part of plaintiff against defendants. It does not aver that in selling the deposited securities originally belonging to plaintiff the management and/ or defendants deviated in any way from the terms of the agreement or did anything which they were not authorized to do. There is nothing in the rules of the Walco Trading Account that requires prior notice be given to each individual participant by the depositary before any sale. Such attempted notice would probably have defeated the very purpose of the trading on behalf of a large group of participants. Under Rule 13, supra, all securities deposited can be delivered "upon the order of the management only." A large part of plaintiff's statement is made up of statements of conclusions not justified by the rules of the trading account, and necessarily can not create or establish any rights against defendants. There is no allegation that the defendant acted as a broker for either the plaintiff or for the Walco Securities Account. There is no allegation in the statement of claim of any facts to show that the relation of stock broker and customer arose between the plaintiff and defendant. Paragraph 3 of the amended statement avers that the deposited securities "were by defendants unlawfully sold at prices much below their real value." The purpose of the agreement was the operation in securities by the management in which was vested the broadest discretion. There is no averment that the sales were

not made by or under the direction of the manage-ment. Whatever rights, if any, might arise against the management, certainly none arise against the depositary under the averments of the statement.

Plaintiff's averment of the measure of damages as stated, supra, is also wrong, although this would be amendable if the statement otherwise disclosed a good cause of action. We are clearly of the opinion that the statement is insufficient both in form and in substance to sustain a cause of action.

The statement of claim failing to set forth a cause of action the court would have been justified in its original order entering judgment for defendants. Plaintiff has no just cause to complain because the court struck off the amended statement with leave to plaintiff to amend further. Plaintiff electing to stand on her amended statement, the court thereupon entered judgment for defendants, which order the court on the same day struck off, and, on motion of attorney for defendants, entered judgment of non pros.

In the case of Cameron v. Fishman, 291 Pa. 12, the Supreme Court indicated, that if filed within fifteen days from the service of the statement all legal objections thereto may be incorporated in an affidavit of defense raising questions of law under Section 20 of the Practice Act, if one is filed, and that there is no reason why a motion to strike off under Section 21 may not be combined with it.

Upon plaintiff refusing to amend further and electing to stand on the amended statement of claim, the court was justified in entering judgment of non pros on motion of defendant. This has been squarely ruled by the Supreme Court in the case of Winters v. Penna. R. R. Co., 304 Pa. 243, wherein the court in an opinion by Mr. Justice KEPHART, says, p. 247: "If a statement of claim does not conform to the provisions of the Act of May 14, 1915, P. L. 483, defendant should move to strike it off under Section 21. If the statement con-

forms to the provisions but is not sufficiently specific, a rule for a more specific statement should be taken and, if the rule is made absolute and a more specific statement is not filed, this should be followed with a motion for non pros: Rhodes v. Terheyden, 272 Pa. 397. Section 20 of the act provides for raising questions of law by affidavit of defense. It is a substitute for the common law demurrer."

We see no error in the action of the court below.

The assignments of error are overruled and judgment affirmed.