Phila. Rapid Transit Co. *v.* King, Appellant.

476

Argued October 11, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*J. Webster Jones,* for appellant.

*Harpur M. Tobin,* and with him *Bernard J. O'Connell,* for appellee.

Opinion by Keller, J., November 23, 1933:

The plaintiff is justly subject to criticism for the form and content of its statement of cause of action. Instead of complying with the directions of the Practice Act of 1915 (P. L. 483), which call for "a statement in a concise and summary form of the material facts on which ...... [it] relies for its claim," it filed a form of statement which was apparently designed to cover in one pleading all the general grounds of negligence which the ingenuity of the pleader could

think of, with the result that it presented no more concise and definite a cause of action than an old declaration in the common counts.

The evidence produced by its leading witness on the trial showed that, while its trolley car was proceeding northbound on Frankford Avenue, just above Rhawn Street, the defendant's truck which was traveling alongside of the trolley car, and to its right, suddenly swerved or cut in front of the car causing a collision which damaged the car. The statement should have concisely averred those facts as the material ones upon which it based its claim. Instead of doing so, it filed a sort of omnium gatherum, averring a collision between defendant's truck and its trolley car, due to the negligence of the defendant, (1) in operating his vehicle at a high and dangerous speed under the circumstances; (2) in failing to have same under proper control; (3) in violating various, [but unidentified] ordinances of the City of Philadelphia, pertaining to the speed and control of automobiles at crossings; (4) in violating the statutes of the State of Pennsylvania pertaining to the speed and control of automobiles at crossings—without designating them; and (5) in otherwise failing to regard the rights of the plaintiff and others lawfully using the highway at the point aforesaid.

The defendant can scarcely be blamed for objecting that the statement had failed to set forth concisely the negligence of which he was charged as ground for the plaintiff's action, and that the evidence did not closely substantiate the acts of negligence averred. By a liberal construction it may be included under the fifth specification of negligence, and as defendant's driver, in his evidence, substantially corroborated the plaintiff's motorman, no real harm was done him.

The practice of declaring upon such a general catalogue of averments of negligence in a statement of

478

claim, instead of a concise and summary recital of the material facts relied on, as directed by the Practice Act, is to be condemned, and may result seriously to the pleader in different circumstances.

The assignments of error,—which are directed entirely to the refusal (1) of the trial judge to give binding instructions for the defendant and (2) of the court to enter judgment in his favor, are overruled, and the judgment is affirmed.