Herring v. East Penn Electric Company et al.

H. O. Bechtel, for plaintiff.

R. A. Freiler, O. E. Farquhar and George Ross Hull, for defendants.

HICKS, P. J., March 2, 1936.—According to the statement of claim, plaintiff is the owner of a farm of more than 123 acres. Upon it he has erected a large dwelling house in which he lives. A large barn and outbuildings are also erected on the farm. A modern apple orchard occupies six acres of the farm area. In his business as a farmer, he has raised large quantities of hay, grain, corn, garden truck and apples, which he sold at wholesale and retail. On or about January 1, 1924, defendants erected and since have maintained a large power plant in close proximity to plaintiff's farm. As a part of said plant defendants erected and use two large stacks. Claiming that he had suffered damages to his farm, crops and home, up to the bringing of the suit, as the result of the careless, reckless and negligent construction, operation and maintenance of the said stacks, plaintiff filed his statement of claim to recover damages in the lump sum of $20,000.

Upon the ground that the allegations of negligence and damages resulting therefrom are so vague, uncertain and indefinite that it is impossible for defendants properly to prepare their defense unless these matters are more specifically averred and particularized, defendants secured a rule for a more specific statement. This is now before us for disposition.

By this rule, the statement is not attacked because it fails to conform to the requirements of the Practice Act of May 14, 1915, P. L. 483, so that the proper practice would be a motion to have it stricken off as provided by section 21 of the act, but because it is not sufficiently specific. That is, defendants assert that sufficient facts are not averred to inform them of what they are called upon to answer. This practice, a rule for a more specific statement, still obtains, notwithstanding section 21 of the Practice Act, which is not intended to prescribe a new or exclusive remedy, but is simply an enabling provision to be read in connection with the rest of the act: Rhodes v. Terheyden et al., 272 Pa. 397; 3 Standard Pennsylvania Practice 693, 694. If defendant seeks to question the statement of

claim because it does not aver how plaintiff was damaged, the specific items of damages claimed, or how they were made up, or because plaintiff failed to itemize a lump charge for damages, or otherwise fails to set forth the information necessary to estimate the loss complained of, the proper practice is to ask for a rule for a more specific statement: 3 Standard Pennsylvania Practice 696; Rumble v. Locust Mountain Coal Co., 27 Schuyl. L. R. 381, 13 D. & C. 476.

Plaintiff contends that this rule was taken too late— more than a year after the filing of the statement of claim —and that it is uniformly held that the taking of such rules should be governed by the prescription relative to motions to strike off statements of claim or the attacking of affidavits of defense, i. e., within 15 days. But he submits no authorities to show the uniformity of such holding, but contents himself with the bare assertion. The requirement of section 21 of the Practice Act that the motion to strike off be filed within 15 days after the pleading against which it is directed was filed does not apply to a motion for a more specific statement, which need not be filed within 15 days unless such a requirement is imposed by a local rule of court: 3 Standard Pennsylvania Practice 701; Wandell v. Morley, 4 Fed. Supp. 193 (U. S. D. C. Pa., 1933). We have no such rule. The distinction between a motion to strike off the statement of claim, the subject of section 21, and a motion for a more specific statement, is fully set forth in Rhodes v. Terheyden et al., supra, p. 401; Duggan v. Duggan, 291 Pa. 556, 559, 560; Patterson v. Union Transfer Co., 84 Pa. Superior Ct. 273, 275; Rice et ux v. Scranton, 311 Pa. 534; United Mercantile Agencies v. Slotsky et al., 107 Pa. Superior Ct. 467, 469, 470, 472; Miller v. Dillon et al., 108 Pa. Superior Ct. 455, 461; Winters v. Pennsylvania R. R. Co., 304 Pa. 243, 247.

As a result of their careless, reckless and negligent construction, operation and maintenance of each of two stacks at their power plant in close proximity to plain-

tiff's farm, one from January 1, 1924, and the other subsequent thereto, he alleges in his statement of claim that defendants did continuously therefrom to and including the time of the filing thereof, throw, deposit and cause to be thrown large volumes and clouds of smoke, cinders, ashes, coals and coal dirt upon his farm, thereby (1) killing and destroying a large portion of his crops and rendering the remainder unsalable entirely or salable at a great sacrifice; (2) injuring the crops, rendering the yield therefrom much less than it had been theretofore; (3) rendering said land much less fertile than before, thereby greatly reducing the yield of said land and compelling plaintiff to expend large sums in labor and fertilizing in an effort to overcome the damage; (4) rendering his hay and corn fodder unfit for use as food for live stock; and (5) injuring the furniture in his home, which was rendered less habitable and desirable and reducing materially the value thereof. He claims as damages sustained and to be sustained because of the mentioned injuries the lump sum of $20,000. Defendants contend that his allegations of damages must be more particularly stated and the specific items of damage definitely evaluated in order that they may be properly enabled to prepare their defense. Plaintiff contends that his claim is one for unliquidated damages and hence he is not required to itemize his damage and to do so would be to incorporate evidence in the statement. With this contention of plaintiff we cannot agree.

Since the Statement of Claim Act of March 21, 1806, 4 Sm. L. 326, there has been in Pennsylvania a commendable movement which has been persistently growing to eradicate the legalistic technicalities of common-law pleading and to introduce a procedure whereby issues would be definitely and concisely formulated. Though definiteness of allegation in the statement of plaintiff's claim has been among the requisites of proper pleading under the Acts of 1806, of May 25, 1887, P. L. 271, and of May 14, 1915, P. L. 483, there has been a notable con-

fusion among the cases as to the necessary particularity of damages in actions of trespass. However, an examination of these cases reveals that, although the results of some cases are irreconcilable, there is a tendency toward uniformity of result on similar fact situations. When the damages have been reduced to a certainty prior to suit, they must accordingly be itemized: Collins v. Heibel, 2 Erie 149; Bittner v. City of York, 34 York 173; Bollinger v. Greenaway, Jr., 3 D. & C. 312; Diehl v. Stewartstown R. R. Co., 6 D. & C. 269; Csapo v. DuBois, 20 Northamp. 1; Folz v. Zimmerman, 10 D. & C. 433; Moser v. Fernsler, 23 Schuyl. L. R. 95; see Hawes v. O'Reilly, 126 Pa. 440; Hyde Park Gas Co. v. People's Coal Co., 29 Dist. R. 841; Snyderman v. Burns, 16 Del. Co. 309; Long v. McAllister, 275 Pa. 34. Likewise, when, though not reduced to a certainty before the institution of the suit, they are reasonably susceptible of particularization, the statement of claim will be bad on rule for a more specific statement or on motion to strike off: Philadelphia Storage Battery Co. v. Air Reduction Sales Co., 274 Fed. 216; Dietz v. American Agricultural Chemical Co., 29 Dist. R. 691; Waldbiesser v. Travaglini, 19 Northamp. 31; Milakofsky v. A. Raymond Raff Co., 9 D. & C. 524; Helenthal v. Geller, 13 D. & C. 329; see Atherton v. Clearview Coal Co., 267 Pa. 425; Grumley v. Pellegrino, 4 D. & C. 205. On the other hand, when the damages are entirely unliquidated and can with no justifiable definiteness be itemized, lumping of damages is usually permitted: Rogers v. P. R. T. Co., 22 Dist. R. 41; Delaney v. City of Chester, 26 Dist. R. 62; McCaffrey v. Montgomery, 15 Del. Co. 588; Griffith v. Smith, 1 D. & C. 628; Collins v. Heibel, supra; McDonald et al. v. Spence, 4 Wash. Co. 68. When it is recalled that one of the basic purposes of definiteness in pleading is to enable the other party intelligently to prepare for trial: Bollinger v. Greenaway, Jr., supra, pp. 312, 314; Diehl v. Stewartstown R. R. Co., supra, p. 270; Moser v. Fernsler, supra, p. 97; and Dietz v. American Agricultural Chemical Co., supra, p. 693; plaintiff should be held, in con-

formity with the formula referred to as developed by the majority of Pennsylvania courts, to that degree of particularity to which the facts of the case are reasonably susceptible. (The problem here considered is, of course, distinct from that of averring special as distinguished from general damages: See Trevena v. Zimmerman, 30 Dist. R. 1072.)

The courts of this county have rigidly adhered to the prevailing doctrine in this State and insisted, whenever the question was raised, that plaintiffs follow the formula hereinbefore announced in the particularity with which damages claimed are definitely averred. We have discussed this matter at some length in the case of Rumble v. Locust Mountain Coal Co., supra. We there said that plaintiff's statement must be a bill of particulars in trespass as well as in assumpsit under the Practice Act of 1915, and that the provisions of section 13 thereof, relieving defendants from filing affidavits of defense denying certain allegations as to the damages claimed, do not relieve plaintiff from the duty of giving a detailed statement of the damages claimed as section 5 of the act provides and that the assertion of general claims and lumping charges is highly improper and not permissible. See also excellent discussion in 3 Standard Pennsylvania Practice 416, 417, 418, wherein the Rumble case is frequently cited.

Referring to the statement in this case, we find that a lump sum of $20,000 is claimed for past and future damages. General claims are made. In paragraph 12 a claim is made for the "killing and destroying a large portion of [the farm] crops and rendering the remainder unsalable entirely or salable at a great sacrifice." Plaintiff knows the quantity and kinds of crops through the destruction of which he suffered damage, and what his actual loss was. He must state it definitely if he claims to recover for it. Since one is led to infer from the allegation that not the whole crops were killed and destroyed, what is meant by the pleader that "the remainder [was]

unsalable entirely or salable at a great sacrifice"—that a portion of the remainder was not salable while another portion was? Plaintiff must state the quantity unsalable and the loss occasioned thereby, as well as the quantity, kind and sacrifice in dollars and cents which he made as to the remaining particular portion. And more than that, was like damage in like amount sustained each year since January 1, 1924? All of this must be particularly and definitely stated so as to fully inform defendants.

The same criticism may be made of paragraph 13, wherein it is alleged that defendants' conduct "injured the [farm] crops . . ., rendering the yield therefrom much less than it had been theretofore." If the pleader intends to assert that the crop was less productive in quantity and value, then what we have said in reference to paragraph 12 applies equally here. If he intends to claim for loss of soil productivity, then he must definitely set that out with particularity. In his brief of argument, plaintiff conveys the idea that the latter meaning is intended. If so, he must set out definitely the loss in land yield over the period of years and what the loss is and how made up. The actual damage must be particularized.

Paragraph 14 seems, in part, to be a repetition of the claim set out in paragraph 13. In this paragraph, he alleges that the conduct of defendants rendered his "land much less fertile than theretofore, thereby greatly reducing the yield of said land and compelling plaintiff to expend large sums in labor and fertilizing . . ." During each of the several years, how much did plaintiff spend for labor and fertilizing (fertilizer) ; how much labor was expended and what quantity of fertilizer, and at what price, was purchased and used in each year of injury? Plaintiff says the acts of defendants continued from January 1, 1924, to the making of the statement, but was the averred damage continuous and consistent throughout each year since? The statement must be specific in these matters.

In paragraph 15 it is averred that the action of defendants "rendered [the] hay and fodder unfit for use as food for animals or livestock, rendering the use of the same impossible . . ." It is reasonably conceivable that this damage is included within paragraphs 12, 13 and 14, and, if conceded to be not, the damages must be itemized. Such a general statement is valueless as part of the pleading. Plaintiff says this paragraph claims for unliquidated damages. This is not correct. As we have said, when damages have been reduced to a certainty or are reasonably susceptible of particularization, they must be itemized. Lumping charges are permitted only when the damages are entirely unliquidated and can be with no justifiable definiteness itemized. Plaintiff knows how many tons of hay and corn fodder produced by him for food during the years were rendered unfit and the value thereof, whether he had to purchase any to substitute the loss, and at what cost, and defendants are entitled to know the particulars of this portion of his claim and the exact compensation which he is seeking. He must so state.

Plaintiff in his sixteenth paragraph alleges that the furniture in his home was damaged and the latter rendered less habitable, desirable and valuable by reason of defendants' conduct. It is very confusing as the entire statement is read, as far as the many general claims for damages are laid, to determine by what measure plaintiff desires his damages to be calculated; whether it is depreciation in the value of his farm as a whole or damages in the several particulars mentioned throughout. What furniture was damaged in his home; was it entirely destroyed or simply depreciated; what is his specific loss in the particulars claimed by him? His home, i. e., his house, was rendered less habitable, desirable and valuable, he says. What was its depreciation, if he is claiming for this? This would not call for a recital of evidence but for a statement of facts from which the conclusion might later be drawn. The difficulty with this paragraph, as well as all the criticized ones, is that plain-

tiff contents himself with stating general conclusions of fact as to damage, which is not permissible.

Although plaintiff states in his eighteenth paragraph that the injuries and expenses generally enumerated by him have been sustained in the past and is silent as to any such which he will sustain and be compelled to incur in the future, yet in the conclusion of his statement he claims the sum of $20,000 for damages "which he has sustained and will sustain by reason of the injuries suffered by him as aforesaid." Since his statement must be amended, if he claims for future damage the facts upon which such claim is based must be set out in the statement.

The statement must be a full disclosure of all the material facts and circumstances, and not conclusions, one of the obvious vices of this statement. All the general claims and lumping of charges in respect to items susceptible of being more definitely and explicitly stated, and the claiming a gross sum for various distinct items of claim are not permissible. The material facts on which the claim is based must be stated in a concise and summary form, and particularly referable to damages, not merely the amount of it: See Rumble v. Locust Mountain Coal Co., supra.

The duty of plaintiff of giving a detailed statement of the damages claimed, as required by section 5 of the Practice Act, applies with particular force to actions based on negligence. This duty, defendants complain, plaintiff has not performed. The statement must contain only concise and summary averments: P. R. T. Co. v. King, 110 Pa. Superior Ct. 475; of all the material facts and circumstances: Bollinger v. Greenaway, Jr., supra, affirmed in 83 Pa. Superior Ct. 217; supposed to constitute negligence on the part of the defendants: Stick v. Grove, 6 D. & C. 683; that is, the ultimate facts relied upon to show negligence or from which the jury may infer negligence: Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1; Diehl v. Stewartstown R. R. Co., supra, p. 269;

Williams v. Keefe, 30 Dist. R. 546. These facts, the grounds of complaint, should be averred distinctly, in unequivocal language and in conformity to the rules of pleading requiring precision and particularity: Grumley v. Pellegrino, supra; Charnogursky v. Price-Pancoast Coal Co., supra.

It is no longer good practice to allege all the general grounds of negligence which the ingenuity of the pleader can think of, and thus to present a pleading that is no more concise and definite than an old declaration in the common counts; and the practice of declaring upon such a general catalogue of averments of negligence instead of a concise and summary recital of the material facts relied. on as directed by the Practice Act is to be condemned: P. R. T. Co. v. King, supra, pp. 476, 477, 478. If the statement is broadly drawn and covers a variety of alleged negligent acts on the part of defendant and is not in this respect as definite as defendant desires, an application for a more specific statement will furnish the required information: Jackson v. Pennsylvania Contracting Co., 55 Pa. Superior Ct. 51. The statement must contain a full disclosure of all the material facts and details of the respective claims and it must give defendant such clear and exact information of the charges against him as will be sufficient to inform him what acts or omissions plaintiff charges him with, so that he can produce evidence at the trial to explain or deny the allegations of the statement. Mere general averments of negligence, averments of "carelessness," or that defendants "acted in a reckless, careless and negligent manner", without stating what defendant did or omitted to do which amounted to a breach of duty owing to plaintiff, do not conform to the requirements of the Practice Act and are insufficient if objected to: 3 Standard Pennsylvania Practice, 426, and cases cited; Diehl v. Stewartstown R. R. Co., supra, pp. 270, 271; Scharf v. Pennsylvania R. R. Co., 10 D. & C. 207, 208. Does the statement in this case contain only the ultimate facts relied upon to show negligence, concisely and in a summary manner?

In the twelfth, thirteenth, fourteenth, fifteenth and sixteenth paragraphs, it is alleged that the damage was the result of the "careless, reckless and negligent construction, operation and maintenance" of the stacks, a part of its power plant, which caused large volumes and clouds of smoke, cinders, ashes, coals and coal dirt to be thrown and deposited upon plaintiff's farm. This amounts to nothing more than a very general charge of careless, reckless, and negligent construction, operation and maintenance of the stacks. But in what respect, in what particular, was the construction, operation and maintenance of the stacks careless, reckless and negligent? In the general statements in the enumerated paragraphs, plaintiff is asserting his conclusions when he should have alleged the material facts which give rise to a charge of negligence. The specific acts or omissions to act, alleged to be negligent and on which plaintiff relies to sustain his case, must be set forth. This plaintiff failed to do in the mentioned paragraphs.

In the concluding eighteenth paragraph, it is averred that the injuries, expenses, and damages suffered by plaintiff are the result of the following carelessness and negligence of defendants' servants, agents, etc., to wit: "(a) In the negligent construction of the two stacks used in connection and conjunction with the power plant . . .; (b) in the negligent operation and maintenance . . . of said stacks; (c) in the use of improper fuel . . . in said stacks; (d) in the improper use . . . of its fuel in said stacks; (e) . . . use of improper machinery or appliance in the use, operation and maintenance of said stacks; (f) and in otherwise failing to regard the rights and property of the plaintiff."

The language of the court in Charnogursky v. Price-Pancoast Coal Co., supra, is apropos—". . . when a great number of separate, general charges of negligence is contained in a declaration, it lays the pleading open to a suspicion that the plaintiff has no knowledge of any real breach of duty on the part of the defendant, and such a

470

declaration calls for close scrutiny." Also Keller, J., in P. R. T. Co. v. King, supra, pp. 477, 478.

We need not add to what we have already said as far as the impropriety of the conclusion in *(a)* and *(b)* is concerned, mere repetitions of what appears in the entire statement. Subparagraph *(f)* is entirely too indefinite and vague to require comment. When *(c)* and *(d)* are read, plaintiff bases his action in part, grounded in negligence, upon defendants' improper use of improper fuel in said stacks. Defendants are entitled to know the facts from which plaintiff draws these conclusions. The same is true of *(e)*, the use of improper machinery or appliance in the use, operation and maintenance of the stacks. Of what machinery and appliance does plaintiff complain and why are they improper? Defendants have a right to know.

And now, March 2, 1936, the rule to show cause why plaintiff should not file a more specific statement is hereby made absolute and plaintiff is allowed 15 days from this date to file an amended statement of claim in compliance herewith.