## Kirkpatrick v. Alan Wood Steel Company

*Leonard A. Talone*, for plaintiff.
*High, Dettra & Swartz*, for defendant.

DANNEHOWER, J., April 13, 1938. — According to the statement of claim filed in this action in trespass, plaintiff, a police officer of the Borough of Conshohocken, seeks to recover damages for personal injuries sustained as a result of having been shot by another police officer employed by defendant corporation. At defendant's request, plaintiff was detailed to defendant's premises to assist in

apprehending a trespasser, who had set fire to one of defendant's buildings, and while plaintiff was in said building he was shot and injured by a company police officer.

Concerning negligence, the statement of claim alleges:

"8. Nevertheless, at or about 3:30 a.m., on November 16, 1936, plaintiff, said Ezekiel Kirkpatrick, while lawfully in the said barn of defendant corporation, was struck by a charge of shot fired from a gun by one John Lenzi, one of the aforesaid servants, agents, and/or employes of defendant corporation, causing the injuries to plaintiff hereinafter set forth.

"9. Notwithstanding the said duty of defendant corporation not to cause injury to plaintiff, the said defendant corporation, acting by and through its servants, agents, and/or employes, particularly the said John Lenzi, negligently, wantonly, and recklessly discharged the aforesaid weapon causing the injuries to plaintiff to recover for which this suit is brought.

"10. Plaintiff avers that said occurrence was due solely to the negligence of said defendant corporation, acting through its servants, agents, and/or employes."

The petition for a rule for a more specific statement of claim avers that "said statement of claim is indefinite, vague, and so lacking in particularity that your petitioner cannot ascertain the nature and character of plaintiff's claim with sufficient certainty to enable your petitioner to state the defense thereto:

"(a) The statement does not set forth any facts by reason of which defendant is liable upon the cause of action set forth in the said statement.

"(b) The statement does not set forth the acts or the particular want of care of defendant, or of any servant, agent, or employe of defendant, causing the injuries alleged in the said statement of claim.

"(c) The statement is not sufficiently clear as to the causal connection between the alleged negligence of defendant and the injuries alleged in the said statement of claim."

We are of the opinion that the statement of claim does not comply with the direction of the Practice Act of May 14, 1915, P. L. 483, which calls for a "statement in a concise and summary form of the material facts on which . . . relies for his claim".

"The practice of declaring upon such a general catalogue of averments of negligence in a statement of claim, instead of a concise and summary recital of the material facts relied on, as directed by the Practice Act, is to be condemned, and may result seriously to the pleader in different circumstances": P. R. T. Co. v. King, 110 Pa. Superior Ct. 475.

"The plaintiff must set forth in his statement with particularity, except when they lie within the defendant's knowledge, the material facts and circumstances on which the negligence is predicated or the specific acts or omission to act alleged to be negligence on which he relies to sustain his case. The statement must contain a full disclosure of all the material facts and details of the respective claims, and it must give the defendant such clear and exact information of the charges against him as will be sufficient to inform him what acts or omissions the plaintiff charges him with, so that he can produce evidence at the trial to explain or deny the allegation of the statement. If the statement does not do this, but alleges negligence in general terms without particulars, it may be stricken off. In other words, mere general averments of negligence, averments of 'carelessness', or that the defendant 'acted in a reckless, careless, and negligent manner', without stating what the defendant did or omitted to do which amounted to a breach of duty owing to the plaintiff, do not conform to the requirements of the Practice Act, and are insufficient if objected to": 3 Standard Pennsylvania Practice, 425, 426, §193, and cases therein cited. See also Herring v. East Penn Electric Co. et al., 28 D. & C. 459 (1936).

And now, April 13, 1938, for the foregoing reasons, the rule to show cause why plaintiff should not file a more

specific statement of claim is hereby made absolute, and plaintiff is allowed 15 days from this date to file an amended statement of claim in compliance herewith.