Glick, Appellant, *v.* Peoples-Pittsburgh Trust Company, East End Branch.

Argued April 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Coleman Harrison,* for appellant.

*James M. Graham,* with him *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY BALDRIGE, J., July 1, 1939:

This appeal is from the refusal of the court below to take off a compulsory nonsuit entered in an action of assumpsit.

Plaintiff rented certain premises from the defendant under a written lease, for a term of two years and one month, beginning April 1, 1936. The parties in their writing stipulated that the premises should be used only as a grocery store and should not be re-let or sub-let without the written consent of the landlord.

The plaintiff, under his testimony, requested the defendant in December, 1936, to enlarge the storeroom or permit him to move. The landlord refused to enlarge the premises but told him that he could move and rent the storeroom, provided he paid the rent for the entire term of the lease or gave security therefor. Shortly thereafter plaintiff leased other premises. Learning of this action, the defendant issued a landlord's warrant for the rent for the remainder of the term. Before the constable's sale, plaintiff paid the rent and then moved to his new location. He sent to the defendant two prospective tenants, who were ready and willing to pay $65 rental per month for the vacated premises. One desired to conduct a five and ten cent store; the other a shoe repair shop. The defendant approved neither of these applicants as a sub-tenant. Plaintiff brought suit on December 6, 1937, to recover rent he alleged he lost

by reason of defendant's refusal to sub-let the demised premises.

The plaintiff offered to prove at the trial that the defendant, through its agent, agreed that it would give him permission to rent this storeroom, provided he secured defendant "a reliable tenant," also, that he was told by the agent that "he did not care what kind of business went in that storeroom as long as they got their One Hundred Dollars each month."

The appellant's chief complaint is to the court's action in excluding that evidence.

We do not dispute the right of a party to a written contract to show, by oral testimony, a subsequent modification, waiver of conditions, or a new agreement in substitution for the old one, if properly pleaded: *Trimble v. Fester,* 106 Pa. Superior Ct. 544, 162 A. 337; *KoEune et al. v. State Bank of Schuylkill Haven et al.,* 134 Pa. Superior Ct. 108, 4 A. 2d 234.

The vulnerable spot in appellant's position is his statement of claim. There is no averment therein of a waiver of the provisions in the written contract forbidding the lessee to sub-let the premises without the lessor's written consent, nor is any oral agreement alleged that if the lessee paid all the rent accruing under the lease the lessor would waive its right to have the premises occupied as a grocery store and accept as a tenant any one that the lessee produced. As a consequence, defendant was not informed, as it had a right to be, that at the trial plaintiff would rely upon a waiver of conditions or a substituted oral agreement.

In stating his cause of action, a plaintiff should be sufficiently clear and explicit so that the defendant to prepare his defense may be informed of plaintiff's demand. The very purpose of pleadings is to frame concisely definite and distinct issues for trial of the cause. Parties have the right to believe the issues as therein set forth are to be tried. One cause of action cannot be averred and another proven at the time of the trial.

Substantial variance between the allegata and probata is not tolerated by the courts: *National Bank v. Lake Erie Asphalt Block Co.*, 233 Pa. 421, 82 A. 733; *Shenango Limestone Co. v. B. R. & P. Ry. Co.*, 262 Pa. 446, 105 A. 558; *McDonough v. Munhall Boro.*, 331 Pa. 468, 200 A. 638.

Under the pleadings, the objection to the testimony offered was well taken. When the court sustained the objection, the plaintiff could have amended his statement, but he did not see fit to do so.

We do not find any proof in this case that would justify invoking the doctrine of estoppel, as contended by the appellant. The defendant did not, by its conduct, its statements, or its silence, induce plaintiff to act to his detriment. The only proof of record is that plaintiff was permitted to move—take off the premises his property to which the defendant could have looked for the rent—if plaintiff paid his rent or gave security therefor. That evidence did not establish plaintiff's right to recover in this action. He admitted that he did not have a lease drawn up for any prospective subtenant, and on cross-examination, when asked why he had not done so, he replied: "Because Mr. Campbell (defendant's alleged agent) told me they would have to see the tenant and give permission or their consent, before subletting"; thus clearly indicating that defendant retained the right to approve any applicant.

*Fried v. Fisher et al.*, 328 Pa. 497, 196 A. 39, upon which the appellant principally relies, may be readily distinguished from the case in hand. There, the proof was that the landlord had released the defendant, one of two lessees. The defendant, relying on his landlord's assurances, dissolved the partnership and went into business in another locality. No demand was made on him for rent, which was paid by his former partner, for a year and a half. In such situation, it was held that the landlord was estopped from denying the release he had given.

The plaintiff, on the record before us, failed to make out a case for submission to a jury.

Judgment affirmed.