## Watson et ux. v. Rich

*Martin E. Cusick*, for plaintiffs.

*B. H. Marks*, for defendant.

ROWLEY, P. J., March 13, 1941.—This matter is before the court upon defendant's motion to strike off the statement of claim.

On December 10, 1940, plaintiffs filed a statement of claim for personal injuries alleged to have been sustained by each of them when an automobile owned and operated by George B. Watson collided with an automobile operated by Patsy Rich.

On December 20, 1940, defendant moved to strike off the statement of claim.

On January 15, 1941, plaintiffs filed an amended statement of claim. On January 22, 1941, defendant moved to strike off the amended statement.

On February 17, 1941, plaintiffs filed a second amended statement of claim.

Defendant's brief thus states the grounds upon which the statement of claim is challenged:

"We contend that this accident occurring on the 5th day of May, 1940, about ten months ago, by this time the plaintiffs should be able to specifically allege the moneys they expended for medical and other treatment, and to whom these moneys were paid, and that the statements of claim should specifically state the amounts paid for each of such items and the parties to whom they were severally paid."

With regard to the amounts expended for medical and other treatment for Jennie R. Watson, the most recent statement of claim avers (para. 9) :

"Up to the present time no money has been actually paid out as no final bills have as yet been received, inasmuch as medical attention is still required and medicines are still being prescribed."

In paragraph 12 there is the same averment as to expenses for treatment of George B. Watson.

"In an action of tort, damages necessarily following as a natural and probable result of the injury may be proved without special averments, as defendant will be presumed to be aware of such consequences of his conduct, and hence cannot plead surprise when proof of such injury is made. . . .

". . . where the action is for injuries to the person the jury may consider, without special averment, pain and suffering, expense incurred for medical treatment and loss of time for inability to work at the usual occupation of the injured person, inasmuch as these are the natural and usual results of an injury": Leonard v. Baltimore & Ohio R. R. Co., 259 Pa. 51, 56.

The above-cited case was decided in 1917, hence the question may arise whether due regard was had for the Practice Act of May 14, 1915, P. L. 483. In Parsons Trading Co. v. Dohan et al., 312 Pa. 464 (1933), the Leonard case was cited with approval, and the court there said (p. 468) :

"Damages are either general, those which are the usual and ordinary consequences of the wrong done, or

special, those which are not the usual and ordinary consequences of the wrong done, but which depend upon special circumstances. General damages may be proved without being specially pleaded (Clark v. Steele, 255 Pa. 330; Leonard v. B. & O. R. R. Co., 259 Pa. 51), the averment of the facts showing the wrong done being sufficient to entitle the plaintiff to establish them. Special damages, on the other hand, may not be proved unless the special facts giving rise to them are averred."

As stated in the Leonard case, supra, "expense[s] incurred for medical treatment . . . are the natural and usual results" of an injury to the person. They are therefore general damages which may be proved without averment.

We are aware that many county court cases have held that a plaintiff who claims for personal injuries must itemize his expenses. We have found no appellate case to support the declaration in 3 Standard Pa. Practice, p. 465, §210, that the statement of claim must segregate the items of expense and specify the amount of each item and person or persons to whom it was paid. In our opinion this declaration is at variance with the rule stated in the Leonard case and approved in the Parsons case (312 Pa. 464).

The right of a defendant to such detailed information cannot be denied, but we are of the opinion that he may not strike off the statement of claim for lack of it.

" 'If a statement of claim does not conform to the provisions of the Act of May 14, 1915, P. L. 483, defendant should move to strike it off under Section 21. If the statement conforms to the provisions but is not sufficiently specific, a rule for a more specific statement should be taken and, if the rule is made absolute and a more specific statement is not filed, this should be followed with a motion for non pros: Rhodes v. Terheyden, 272 Pa. 397. . . .' ": Miller v. Dillon et al., 108 Pa. Superior Ct. 455, 460.

At all events, plaintiffs' averments that "up to the present time no money has been actually paid out"

sufficiently answers defendant's enquiry as to "the moneys they expended for medical and other treatment, and to whom these moneys were paid".

### Order

And now, March 13, 1941, this matter came on for argument upon defendant's rule upon plaintiffs to show cause why the statement of claim should not be stricken off, and the same was argued by counsel, whereupon, after due consideration, it is ordered, adjudged, and decreed that said rule be discharged.