## Reinfried v. Eby

*H. B. Lutz*, for rule.
*Alfred C. Alspach*, contra.

SCHAEFFER, P. J., November 7, 1941.—This is a rule to strike off plaintiff's statement of claim in an action of trespass brought to recover damages resulting from an automobile collision at a street intersection in Lancaster City. Defendant contends that the statement does not contain in a concise and summary form the material facts relied on and furthermore that it sets forth only a general catalogue of averments of negligence.

The paragraphs of plaintiff's statement of claim complained of are as follows:

"(5) At the intersection of said Second Street and Coral Street in said City of Lancaster, the vehicle owned by plaintiff, and operated by plaintiff's son, was struck by a Terraplane automobile operated by Jonas K. Eby, defendant herein, which vehicle was proceeding South on Coral Street.

"(6) Defendant at the time of the accident was operating his vehicle at an excessive rate of speed and failed to yield the right of way to the vehicle operated by plaintiff's son, which vehicle was already committed to the intersection.

"(7) The negligence and carelessness of defendant consisted in that: (a) He did operate his automobile in a careless manner and without regard to the right, safety, and position of the operator of plaintiff's vehicle; (b) he did fail to have his automobile under proper and adequate control; (c) he did fail to yield the right of way to plaintiff's vehicle; (d) he did drive his automobile at an excessive rate of speed; and (e) he did drive his automobile directly into the path of the oncoming plaintiff's vehicle."

Defendant relies on the case of Philadelphia Rapid Transit Co. v. King, 110 Pa. Superior Ct. 475, 477, in which Judge Keller said:

"The practice of declaring upon such a general catalogue of averments of negligence in a statement of claim, instead of a concise and summary recital of the material facts relied on, as directed by the Practice Act, is to be condemned, and may result seriously to the pleader in different circumstances."

Following this decision of the Superior Court this court has decided that in an action of trespass plaintiff's statement should be more than a mere omnibus declaration of defendant's negligence: Beck v. Sauder, 45 Lanc. L. R. 53; Lichty v. Sigle, 45 Lanc. L. R. 97; Friedman v. Mann, 45 Lanc. L. R. 379; Carroll v. Kirk et al., 46 Lanc. L. R. 308.

There is some merit in defendant's contention, and plaintiff's statement of claim ordinarily would be defective as a pleading. However, plaintiff alleges that the automobile accident occurred at the intersection of Second and Coral Streets in the City of Lancaster, while plaintiff was driving east on Second Street and defendant driving south on Coral Street. Plaintiff avers that

"defendant at the time of the accident . . . failed to yield the right of way to the vehicle operated by plaintiff's son, which vehicle was already committed to the intersection"; and "he did drive his automobile directly into the path of the oncoming plaintiff's vehicle." These averments set forth a sufficient cause of action. In 3 Standard Pa. Practice, sec. 211, p. 470, following Dabler v. Mann, 37 Lanc. L. R. 481, it is said:

"If the action arose out of a collision between two automobiles and the plaintiff relies on the fact that the car in which he was riding or which he was driving had the right of way, it is not necessary for him to state the evidence upon which he relies to prove this. The mere statement of the fact that he had it is sufficient. Thus, it is not necessary that the statement show which party was nearer the intersection of the two streets at which the collision occurred, or what the approximate speed of each car was."

And now, November 7, 1941, the rule to strike off plaintiff's statement of claim is discharged.