## Lax v. Faust

*Raymond L. Brennan*, for plaintiff.

*Guy E. Waltman* and *James P. Bohorad*, for defendant.

STAUDENMEIER, J., February 7, 1949.—This is an action of trespass seeking the recovery of damages from defendant as a result of a collision between the vehicle owned by plaintiff and that operated by defendant.

Defendant filed preliminary objections to the complaint.

Objection is made to subparagraphs (*a*) and (*c*) of paragraph 12 of plaintiff's complaint. Paragraph 12 is as follows:

"12. Plaintiff failed to exercise ordinary care under the circumstances in that:

"(a) He operated his motor vehicle at an excessive rate of speed.

"(b) He operated his motor vehicle on the wrong side of the highway or that side reserved for traffic proceeding in a southerly direction.

"(c) He approached a curve in the highway at a high rate of speed and at a point where his view of oncoming traffic was obstructed by the wall supporting the overhead railroad bridge hereinabove referred to."

The complaint to subparagraph (*a*) is that the words "excessive rate of speed" do not sufficiently state the rate of speed at which defendant was traveling at the time of the accident. The objection to subparagraph (*c*) is that it does not state the rate of speed at the point where it is alleged that defendant's view of oncoming traffic was obstructed by the wall supporting the overhead railroad bridge referred to in the complaint.

There is some merit in defendant's contention, and plaintiff's complaint ordinarily would be defective as a pleading. However, plaintiff alleges in paragraph 10 of the complaint that when his automobile reached a point on the highway where it was about to pass underneath the railroad bridge, defendant's automobile was also about to pass underneath the railroad bridge. Plaintiff avers that defendant at that time "was operating his truck on the wrong or left side of the highway, or that portion of the highway reserved for motor vehicles proceeding in a southerly direction on the same, as was plaintiff", and collided with the automobile of plaintiff causing damage to it, etc.

These averments set forth a sufficient cause of action. In 3 Standard Pa. Practice 470, §211, following Dabler v. Mann, 30 Dist. R. 906, it is said:

"If the action arose out of a collision between two automobiles and the plaintiff relies on the fact that the car in which he was riding or which he was driving had the right of way, it is not necessary for him to state the evidence upon which he relies to prove this. The mere statement of the fact that he had it is sufficient. Thus, it is not necessary that the statement show which party was nearer the intersection of the two streets at which the collision occurred, or what the proximate speed of each car was."

In the case of Dabler v. Mann, supra, there was an allegation that defendant's machine was being operated at an unlawful, illegal and high rate of speed. The court held:

"The act of assembly fixes the rate of speed at which an automobile may be driven. It follows that it must have been in excess of that rate, else it was not illegal. Plaintiff must prove at the trial that it was in excess of the rate allowed by the act of assembly, but need not state that fact in his statement."

A statement of the actual speed is only required where the facts and circumstances of the accident are not specifically set forth. An examination of plaintiff's complaint discloses that the facts and circumstances of the accident are specifically alleged and set forth, and the complaint leaves no doubt of the factual basis of plaintiff's claim.

The allegations set forth in paragraph 10 of the complaint, hereinbefore referred to, taken in connection with subparagraph (b) of paragraph 12 of the complaint, clearly set forth the basis of plaintiff's claim, and there is therefore no necessity of setting forth the actual rate of speed at which defendant's truck was being operated.

In the case of Reinfried v. Eby, 43 D. & C. 606, plaintiff's statement of claim complained of contained averments as to speed in paragraphs 6 and 7 similar to those complained of in the instant case. The court distinguished the case of Philadelphia Rapid Transit Co. v. King, 110 Pa. Superior Ct. 475, 477, relied upon by defendant, and following 3 Pa. Standard Practice 470, §211, and Dabler v. Mann, supra, refused to strike off plaintiff's statement of claim, holding same to be sufficient. See also Wayne v. Davis, 50 Lanc. 55, 56.

This court in the case of John L. Snyder v. Leon J. Bollinger and Warren R. Hunsicker, no. 307, March term, 1947, following the above authorities, overruled the preliminary objection to the use of the words that defendant's truck was operated "at such an excessive rate of speed".

And now, February 7, 1949, the preliminary objections to the complaint are overruled, and defendant is allowed 20 days from the date of the filing of this opinion to file an answer.