Rodes and De Szirmay *v.* Commonwealth
of Pennsylvania.

Argued April 12, 1971, before President Judge Bow-
man, and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Manderino, Mencer and Rogers.

*Mark B. Weber,* for plaintiffs.

*Edward A. Hosey,* Assistant Attorney General, with
him *Robert W. Cunliffe,* Deputy Attorney General, and
*J. Shane Creamer,* Attorney General, for defendant.

Opinion by Judge Crumlish, Jr., July 12, 1971:

A Complaint in Equity filed by plaintiff De Szir-
may, for herself and her niece, plaintiff Rodes as ad-
ministratrix of the estate of her father, late of Pike

County, sought to restrain defendant, Secretary of Transportation of the Commonwealth, from paying a condemnation award to the Municipal Authority of the Borough of Milford (Authority). They fail to meet their burden and relief must be denied.

Plaintiffs come to this Court in original jurisdiction under Section 401(a)(1) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L.    , No. 223, 17 P.S. §211.401(a)(1). In their Complaint, they allege that they are the moving party in two pending actions. One is against the Borough and the Authority before the Pennsylvania Public Utilities Commission, and the other is against the Authority in the United States District Court for the Middle District of Pennsylvania. In those actions, they claim water deficiency to their premises. On or about July 17, 1970, the sum of $275,000.00 was awarded by defendant to the Authority in compensation for losses sustained by the construction of Interstate Route 84. The Authority thereafter publicly announced that it would dissolve and/or terminate its existence immediately upon receipt of the award.

This injunction seeks to restrain or delay payment to the Authority so that the litigation pending might proceed to normal conclusion. Plaintiffs contend that the dissolution of the Authority will seriously jeopardize their actions against the Authority.

Defendants have filed preliminary objections raising a variety of issues, and plaintiffs, thereafter, filed preliminary objections to the preliminary objections. In the light of what we are to say, we need only discuss defendant's preliminary objection which is in the nature of a demurrer.

"In stating his cause of action, a plaintiff should be sufficiently clear and explicit so that the defendant to prepare his defense may be informed of plaintiff's de-

mand. The very purpose of pleadings is to frame concisely definite and distinct issues for trial of the cause. Parties have the right to believe the issues as therein set forth are to be tried." *Glick v. Peoples-Pittsburgh Trust Company,* 136 Pa. Super. 349, 351, 7 A. 2d 364 (1939).

To sustain their complaint asking equitable relief in the form of an injunction, plaintiffs must aver and prove that substantial and irreparable special injury will result if the injunction be denied. *Plymouth Woods Corp. v. Maxwell,* 407 Pa. 539, 181 A. 2d 321 (1962) ; *Food Fair Stores, Inc. v. Kline,* 396 Pa. 397, 152 A. 2d 661 (1959) ; *The Haig Corp. v. Thomas S. Gassner Co.,* 163 Pa. Super. 611, 63 A. 2d 433 (1949). Plaintiffs have averred that "dissolution of the said Authority, . . . would completely destroy the status quo of the parties in both cases, so that the aggrieved parties would be compelled to institute new actions, against individual parties, in order to obtain the relief to which they are entitled under state and federal laws in the cases already of record." Unfortunately for them, the injury they envision is not defendant's payment to the Authority. We cannot enjoin the lawful payment of these funds because of plaintiffs' fear that the recipient may put them to a use inconsistent with their desires. The injury if any and the time to complain occurs when the Authority in dissolution commences redemption of its outstanding bonds. Defendant has no right or duty to interfere with the use to which these properly awarded funds will be put.

The only other contention that irreparable harm will result found in plaintiffs' complaint is a general averment that they will suffer "irreparable injury". The Superior Court has warned that the use of "general catalogue of averments . . . is to be condemned and may result seriously to the pleader in different circum-

stances." *Philadelphia R. T. Co. v. King,* 110 Pa. Super. 475, 477-78, 169 A. 23 (1933). We see this here.

In our endeavor to find sufficient basis to support the general allegation, we look to and find in plaintiffs' subsequent pleading in the nature of Preliminary Objections to Preliminary Objections the averment that irreparable harm is founded only upon disruption of the status quo of the pending suits. In doing so, they clearly demonstrate that their sole hurt, specifically and generally is the disruption of status quo issue. This exposure discloses the general catalogue of averment to be without merit. Plaintiffs have failed to allege that conduct of the defendant causes sufficient irreparable injury to impel us to find that they have stated a cause of action. Injunctive relief is denied in accordance with the following:

ORDER

The complaint of Alice T. Rodes and Melania De Szirmay is dismissed for failure to state a cause of action upon which relief could be granted.