Glenn R. Moyer, Petitioner *v.* William R. Davis, Secretary of the Commonwealth of Pennsylvania, and Committee to Elect Bob Casey State Treasurer, Respondents.

Argued December 16, 1981, before President Judge CRUMLISH and Judges BLATT, WILLIAMS, JR., CRAIG and MACPHAIL.

*Richard J. Orloski, Calnan & Orloski, P.C.,* for petitioner.

*Elisabeth S. Shuster,* Deputy Attorney General, with her *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent, William R. Davis, Secretary of the Commonwealth of Pennsylvania.

*Thomas D. Caldwell, Jr., Caldwell, Clouser & Kearns,* for respondent, Committee to Elect Bob Casey State Treasurer.

OPINION BY JUDGE WILLIAMS, JR., June 29, 1982:

This case comes before the Court on a petition, to our original jurisdiction, in the nature of a complaint in equity filed by a self-described registered voter who is chairman of a county Democratic committee and a member of the Democratic State Committee.[1]

---

[1] Paragraph 1 of the Petition for Review.

His complaint alleges that both the Committee to Elect Bob Casey State Treasurer (Committee) and William Davis, the Secretary of the Commonwealth (Secretary), have violated certain provisions of the Pennsylvania Election Code (Code)[2] dealing with Primary and Election Expenses.[3]

According to the allegations of the Petition for Review, the Committee was organized to coordinate Bob Casey's re-election campaign, and, to that end, it solicited campaign contributions. By January 15, 1981, the Committee had paid all campaign expenses of the defeated candidate, and allegedly knew, or should have known, that the culmination of its financial activity was imminent. At that time it possessed over One Hundred Thousand ($100,000.00) Dollars of residual campaign funds.

In Count I, petitioner asserts that the Secretary violated the Code by two omissions. First, the Secretary failed to report to law enforcement officials the alleged improper retention by the Committee of the residual moneys, in violation of 25 P.S. §3259.[4] Secondly, he failed to enact suitable regulations under the Code for the protection of political contributors, in specific violation of 25 P.S. §3260.[5] In Count II, petitioner alleges that the failure of the Committee to either transfer its funds to another political com-

---

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§2600-3554.

[3] 25 P.S. §§3241-3260b.

[4] 25 P.S. §3259(7) states that one of the duties of the "supervisor", which term encompasses both the Secretary and the secretary of the respective county boards of election, shall be to: "Report apparent violations of this article to the appropriate law enforcement authorities."

[5] 25 P.S. §3260(2) includes in the powers and duties of the Secretary the prescription of "suitable rules and regulations to carry out the provisions of this act."

mittee by January 31, 1981,[6] or return the money to the contributors on a pro rata basis by that date is a violation of the Code.

Petitioner therefore prays for extensive relief which would partially result in (1) an accounting by the Committee, (2) the imposition of a constructive trust on its assets, under the trusteeship of the Democratic State Committee, (3) the promulgation of regulations by the Secretary, under which the disposition of such campaign funds would henceforth be controlled, and (4) the issuance of an order enjoining the Secretary from failing to report the Committee's maintenance of the funds to the appropriate prosecutorial officer.

Presently before the Court for adjudication are the preliminary objections in the nature of a demurrer filed by the defendant Secretary, and a motion for summary judgment filed by the Committee. Neither party has joined in the procedural posture taken by the other, and, since our jurisdiction hinges upon the presence of the Secretary in the action, we shall address his objections first.

In ruling on preliminary objections, the Court accepts as true all well-pleaded facts and inferences reasonably deducible therefrom, but not averments or conclusions of law. *Zurenda v. Commonwealth,* 46

---

[6] In his brief, petitioner refers to 25 P.S. §3250 as a touchstone for this allegation. That section requires committees which have terminated their *financial activity,* a term undefined in the act, to disburse their funds: (a) by using them for any expenditure as defined in 25 P.S. §3241(d), and (b) by returning them on a *pro-rata* basis to the contributors. It goes on to state that: "A final report must be made by the *next* January 31 in accordance with section 1627." 25 P.S. §3247. Since the January 31 report covers the *preceding* calendar year, any report which would list disbursements in January, 1981, would be filed in January, 1982, some months after this suit was entered.

Pa. Commonwealth Ct. 67, 69, 405 A.2d 1124, 1125-26 (1979). Our examination of the pleadings establishes that the relief requested against the Secretary is in the nature of a mandatory injunction, insofar as petitioner prays for an order enjoining him from refusing to promulgate regulations and report asserted illegality. *Allen v. Colautti*, 53 Pa. Commonwealth Ct. 392, 400, 417 A.2d 1303, 1307 (1980). For such an injunction to issue, "it is essential that a clear right to relief in the plaintiff must be established." *Roberts v. School District of Scranton*, 462 Pa. 464, 470, 341 A.2d 475, 478 (1975). Furthermore, there must be a clear showing that the petitioner will suffer irreparable injury if the injunction is not granted. *Cardamone v. University of Pittsburgh*, 253 Pa. Superior Ct. 65, 384 A.2d 1228 (1978).

Petitioner here has pled no facts which would tend to indicate that he has any right to the relief requested, nor has he intimated in his pleading that *any* injury would result from the failure to grant the injunction. Therefore, even if the Court accepts as true all the factual averments in the Petition for Review, it must sustain the preliminary objections, because the petitioner has not pled the elements[7] essential to his cause of action. *See, Rodes v. Commonwealth*, 2 Pa. Commonwealth Ct. 328, 330, 279 A.2d 782, 783 (1971).

Because we dismiss the case as to the Secretary, we no longer have jurisdiction over the remainder of the matter. The questions raised by the Motion for Summary Judgment filed by the Committee must necessarily be addressed in the Court of Common Pleas of Dauphin County, where the Committee has its registered offices.

---

[7] This determination that the petitioner has not even pled the preliminary elements of this cause of action forecloses the necessity of examining other issues raised by the preliminary objections.

## Order

And Now, this 29th day of June, 1982, the preliminary objections in the nature of a demurrer filed by the Secretary of the Commonwealth are sustained, and the matter remaining in the action is hereby transferred to the Dauphin County Court of Common Pleas.

The Chief Clerk is hereby ordered to transfer the record to said County Court.

Judges Mencer and Palladino did not participate in the decision in this case.